

**OMB Control Number: 3245-0407**
**Expiration Date: 10/31/2020**

# CARES Act Section 1102 Lender Agreement – Non-Bank and Non-Insured Depository Institution Lenders

_____ ("Lender") hereby agrees as a condition and in consideration of authorization by the United States Small Business Administration ("SBA") and the Department of Treasury for Lender to make Paycheck Protection Program SBA-guaranteed financing available as part of the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act") (P.L. 116-136) to eligible recipients, as follows (the "Agreement"):

**1. Lender Eligibility Requirements**

Depository or non-depository financing providers may be eligible to participate as lenders in the Paycheck Protection Program if they meet the criteria described in the attestations below.

Lender must attest to all of the statements in <u>either</u> Group A or Group B below.

| **Group A. Lender attests that it:** | Initial below |
|---|---|
| Is a depository or non-depository financing provider; AND | |
| Originates, maintains, and services business loans or other commercial financial receivables or participation interests; AND | |
| Has a formal compliance program relating to, e.g., auditing and compliance with applicable laws; AND | |
| Applies the requirements under the BSA as a federally regulated financial institution, or the BSA requirements of an equivalent federally regulated financial institution; AND | |
| Has been operating since at least February 15, 2019; AND | |
| Has originated, maintained, and serviced more than $50 million in business loans or other commercial financial receivables during a consecutive 12 month period in the past 36 months. | |

| **Group B. Lender attests that it is:** | Initial below |
|---|---|
| A service provider to an insured depository institution; AND | |
| Has a contract to support such institution's lending activities in accordance with 12 U.S.C. § 1867(c). | |

SBA Form 3507 (04/2020)

Lender Information (Please Provide as Applicable):

| | |
|---|---|
| Institution Name | |
| Headquarters (City, State) | |
| IRS Employer Identification No. | |
| State of Incorporation or Organization | |
| Primary Regulator in State of Incorporation or Organization | |
| Primary Contact Name | |
| Phone Number | |
| E-mail | |
| Website | |
| State ID Number Issued by Primary State Regulator | |
| Central Index Key (CIK) | |
| Business loans or other commercial financial receivables originated and serviced: | |
| Originated during the year: | $ Amount: | Number of Loans |
| 2019 | | |
| 2018 | | |
| 2017 | | |
| Serviced as of year-end: | $ Amount: | Number of Loans |
| 2019 | | |
| 2018 | | |
| 2017 | | |
| Estimated number of small businesses served in past 12 months through a loan, payment, or other financial service customer relationship | |
| Explanation (if applicable) of estimated number of small businesses served (500 character max) | |
| Is the Lender a certified Community Development Financial Institution? | |
| For service providers to insured depository institutions under 12 U.S.C. § 1867(c), list the top 3 insured depository institutions for which such services are provided (by loan count) | |
| 1.a. Institution Name | |

2

SBA Form 3507 (04/2020)

| | |
|---:|---|
| 1.b. RSSD ID | |
| 2.a. Institution Name | |
| 2.b. RSSD ID | |
| 3.a. Institution Name | |
| 3.b. RSSD ID | |
| Is Lender subject to an enforcement action by its primary federal regulator that addresses unsafe or unsound lending practices? | |
| For lenders attesting to statements in Group B, within the past three years, has Lender been examined by the Federal Reserve, OCC, or FDIC in connection with Lender's role as a service provider under 12 U.S.C. § 1867(c)? | |
| Is Lender presently suspended, debarred, proposed for debarment, or declared ineligible by any federal department or agency? | |
| Is Lender presently the subject of any insolvency, bankruptcy or creditor's rights proceedings? | |
| Is Lender presently subject to any indictment, or criminal or civil fraud charges brought in any jurisdiction? | |
| Additional comments to clarify any information above (750 character max) | |

**2. Application for Guaranty.** This Agreement governs only "covered loans," duly approved under delegated authority hereafter for guaranty by SBA, that are subject to the Paycheck Protection Program under the CARES Act, section 7(a)(36) of the Small Business Act, any rules that have been issued by SBA implementing the Paycheck Protection Program, or any other applicable Loan Program Requirements, as defined in 13 CFR § 120.10, as amended from time to time (collectively "PPP Loan Program Requirements").

**3. Approval of Guaranty.** Lender will process and approve covered loans under delegated authority from SBA. Lender assumes all obligations, responsibilities, and requirements associated with delegated processing of covered loans made under the Paycheck Protection

3

SBA Form 3507 (04/2020)

Program.  Any change in the terms or conditions stated in the loan authorization shall be made in accordance with PPP Loan Program Requirements.  For purposes of making covered loans to an eligible recipient under the Paycheck Protection Program, Lender is responsible, to the extent set forth in the PPP Loan Program Requirements, for all decisions concerning the eligibility (including size) of a borrower for a covered loan.  Lender may issue a covered loan approved under PPP procedures without prior SBA review and approval of the processing and underwriting of the loan by executing a PPP Authorization.

**4. Closing and Disbursement of Covered Loans.**  Lender must close and disburse each covered loan in accordance with the terms and conditions of the PPP Authorization and PPP Loan Program Requirements.  Lender must ensure that a note and all other Loan Documents (as defined in this paragraph) and additional documents are properly executed and take such other actions necessary to fulfill the requirements of the Paycheck Protection Program.  SBA is entitled, at any time, to examine and obtain copies of all notes, certifications and documentation (herein, collectively, called "Loan Documents"), and all other records held by Lender which relate to covered loans made pursuant to the Paycheck Protection Program.

**5. Administration of Covered Loans.**  Lender will hold the Loan Documents and receive all payments of principal and interest unless Lender is required to transfer or assign the note to SBA or a third party at SBA's direction.  Lender must service and liquidate all covered loans made under the Paycheck Protection Program in accordance with PPP Loan Program Requirements.  Except when SBA directs otherwise, all servicing actions will be the responsibility of Lender, which must follow accepted standards of loan servicing employed by prudent lenders.

**6. Purchase by SBA.**  By making any written demand that SBA purchase the guaranteed portion of a loan, Lender will be deemed thereby to certify that the covered loan has been made, closed, serviced, and liquidated in compliance with the Paycheck Protection Program and PPP Loan Program Requirements.  This Agreement will remain in full force and effect with respect to the covered loan after any purchase.

**7. Prohibited Fees.**  Other than a fixed interest rate of 1.0% on the covered loan, Lender is not permitted to charge or receive any bonus, fee, prepayment penalty, commission or other payment or benefit from a borrower in connection with the making or servicing of any covered loan under the Paycheck Protection Program.

**8. Termination.**
A. A Lender's authority to make a covered loan under this Agreement will terminate on July 1, 2020.  Either party may also terminate this Agreement upon not less than 10 days written notice by certified mail to the other party. Termination will not affect the guaranty of any covered loan previously authorized by SBA under the Paycheck Protection Program.  It is understood and agreed that Lender shall continue to comply with the Paycheck Protection Program and PPP Loan Program Requirements with respect to any covered loan previously authorized by SBA, including but not limited to the servicing and liquidation of such covered loans.  Termination by either party will not affect in any way Lender's continuing obligation to comply with this Agreement, the Paycheck Protection Program, and all PPP Loan Program Requirements with respect to any covered loan previously authorized by SBA under this Agreement.  If this Agreement is terminated by either Lender or SBA, Lender hereby agrees that SBA may in its sole discretion transfer some or all of the covered loans and/or the

4

SBA Form 3507 (04/2020)

servicing and liquidation of such covered loans and related fees or income to SBA or another entity approved by SBA. If SBA requires the transfer of Lender's covered loans, Lender must cooperate with SBA to transfer responsibility for servicing and liquidating of such covered loans.

B. The guaranty of any covered loan will be automatically terminated if Lender does not submit to SBA a demand to purchase the guaranty or a request to extend the maturity within one year after the maturity of the note.

9. **Assignment.** Lender may only assign or transfer its rights and obligations under this Agreement with SBA's prior written consent, which SBA may withhold in its sole discretion.

10. **Interpretation of this Agreement**.
A. This Agreement is subject to section 7(a)(36) of the Small Business Act, the Paycheck Protection Program and PPP Loan Program Requirements and will be interpreted and construed subject to, and to give full effect to, the broad scope of SBA's power and authority under the Small Business Act and those requirements. Lender consents and agrees to all rights and remedies available to SBA under the Small Business Act, the Paycheck Protection Program and PPP Loan Program Requirements, as each of those are amended from time to time, and any other applicable law.

B. To the best of its knowledge, Lender certifies that it is in compliance and will maintain compliance with all applicable requirements of the Paycheck Protection Program and PPP Loan Program Requirements.

C. Lender understands that SBA's rights and powers under the Small Business Act, the Paycheck Protection Program and PPP Loan Program Requirements are in addition to, and exist independent of, this Agreement, and that nothing in this Agreement may be asserted against SBA under any circumstances to delay or prevent SBA's full exercise of its rights under applicable law.

D. Lender agrees to hold SBA harmless for any action taken by SBA in enforcing this Agreement, the Small Business Act, the Paycheck Protection Program and PPP Loan Program Requirements against Lender for any covered loan made under this Agreement.

E. Lender agrees that any modification to this Agreement to be asserted against SBA or any exemption to be claimed from any provision of the Small Business Act, the Paycheck Protection Program, or PPP Loan Program Requirements is invalid, null, and void unless it is made in writing by an official of SBA authorized to grant such modification or exemption and was made after full disclosure to SBA of all material facts and circumstances.

F. This Agreement is to be interpreted under and construed in accordance with federal law.

G. This Agreement will inure to the benefit of, and be binding upon, the Lender's authorized successors and assigns.

H. Lender understands that its execution and transmission to SBA of this Agreement does not grant automatic enrollment in the Paycheck Protection Program. SBA and the Department of

Treasury will evaluate Lender and this Agreement in accordance with the PPP Loan Program Requirements and determine whether Lender has the necessary qualifications to process, close, disburse, and service loans made with the SBA guarantee. SBA and the Department of Treasury may request additional information from Lender before making a determination.

By signing below, I hereby certify that I have the authority to execute this Agreement for the Lender on whose behalf I am signing, and that all representations made are true and correct to the best of my knowledge. I further acknowledge that on behalf of the Lender I have also submitted an Incumbency Certificate attached hereto. I further acknowledge that on behalf of the Lender I have also submitted Lender's most recent fiscal year-end audited financial statements attached hereto. I further acknowledge that any false statements made to the U.S. Small Business Administration and Department of the Treasury can result in criminal prosecution under 18 U.S.C. 1001, 15 U.S.C. 645, and other provisions and imposition of civil money penalties under 31 U.S.C. 3729.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement.

_____
Name of Lender

_____        _____
Signature                                                                                                   Date

_____
Name and Title

ATTEST/WITNESS

I, _____, hereby represent and warrant that I am a duly elected or appointed Secretary or Officer of _____ (the "Lender") and that _____ is duly authorized and has the legal capacity to execute this Agreement on behalf of the Lender.

                Signature: _____

      Name and Title: _____

Attachment 1: Incumbency Certificate

Attachment 2: Most recent fiscal year-end audited financial statements.

Transmit executed SBA Form 3507 (04-20) and attachments to NFRLApplicationForPPP@sba.gov.