UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re ORGANIC POWER LLC | ) | Chapter 11 Case |
| | ) | Bankr. Case No.: 19-01789(EAG) |
| Debtor, | ) | |
| _____) | ) | |
| | ) | |
| ORGANIC POWER LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 20-00055 (EAG) |
| SMALL BUSINESS ADMINISTRATION AND | ) | |
| JOVITA CARRANZA, in her capacity as | ) | |
| Administrator for the U.S. Small | ) | |
| Business Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO ORGANIC POWER, LLC'S
SUPPLEMENTAL MOTION TO INFORM (DOC. 23)**

The United States of America (the "United States"), on behalf of the Small Business

Administration and Jovita Carranza in her capacity as Administrator for the U.S. Small Business

Administration (SBA), files this response to Plaintiff Organic Power LLC's Supplemental Motion

to Inform ("Plaintiff's Supplemental Submission") (Doc. 23 in 20-00055).

During the May 6, 2020 hearing on Plaintiff's Motion for a Temporary Restraining Order

(Doc. 4 in 20-00055), the Court suggested that evidence Plaintiff had provided to meet the

requirement of irreparable harm was "light." Following Plaintiff's Supplemental Submission, the

Court's statement remains apt. Simply put, Plaintiff's Supplemental Submission does not meet its

burden on the irreparable harm element for a motion for a TRO. The First Circuit has "consistently

emphasized the importance of a showing of irreparable harm in the calculus of injunctive relief."

*E.E.O.C. v. Astra U.S.A.*, 94 F.3d 738, 743 (1st Cir.1996).  A TRO is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstron*g, 520 U.S. 968, 973, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2948, pp. 129–30 (2d ed.1995) (emphasis in original)).  Thus, to justify a TRO, the alleged irreparable harm must be more than speculative.  *E.E.O.C.*, 94 F.3d at 743.  Furthermore, "[a] finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  *Charlesbank Equity Fund II v. Blinds To Go, Inc.,* 370 F.3d 151, 162 (1st Cir. 2004).  In addition, "[i]t is a longstanding axiom that 'economic harm in and of itself is not sufficient to constitute irreparable injury.'"  *Office Max Inc. v. County Qwik Print, Inc.*, 709 F. Supp. 2d 100, 113 (D. Me. 2010).

Plaintiff's Supplemental Submission and attached Unsworn Statement of Miguel Perez ("Statement") do not meet these exacting standards for demonstrating that irreparable harm will result if a TRO is not entered prior to the adjudication of his claims on the merits.  The Supplemental Submission and Statement simply speculate that Plaintiff's "business of manufacturing animal feed, recycling of organic waste and generating electricity with propane gas," Statement ¶ 8, "could end up having to cease operation," *id.* ¶14, if a TRO is not granted.  But, once again, Plaintiff has attached no evidence to support this bare assertion.  Plaintiff does make vague assertions that lay-offs may result or that the lack of employees could potentially lead to risks to the environment.  Statement ¶ 14-16.  But no financial or other supporting data is attached to support these statements.  Such vague assertions of potential harms are not the kind of tangible and imminent harms required to meet the irreparable harm standard.  "The applicant must establish more than a mere 'possibility' of irreparable harm."  *Shady v. Tyson*, F. Supp. 2d 102,

2

105 (S.D.N.Y. 1998).  "The party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.*  In other words, despite being given a second opportunity by this Court to move beyond vague and unsupported assertions of irreparable harm, Plaintiff simply submits more of the same.

Plaintiff's Supplemental Submission also makes clear the financial difficulties referenced in the Statement submitted pre-existed the COVID-19 crisis and were not directly caused by any failure to obtain financing now from the PPP.  For instance, the Statement notes that the financial problems stem in part from the breakdown of a generator that predated the COVID-19 crisis. Statement ¶ 11.  Plaintiff has thus not demonstrated that the financial circumstances it references were caused by its inability to obtain a PPP loan as opposed to pre-existing circumstances. Moreover, if additional capital is what Plaintiff now needs to remain in business, neither the Supplemental Submission nor supporting Statement contain any details regarding what Plaintiff has done to seek funding from alternative sources.  Presumably, recognizing that even if deemed eligible for a PPP loan, Plaintiff might not receive one, Plaintiff should be able to describe Herculean efforts to obtain alternative financing that have left it no option but a PPP loan.  But, Plaintiff's submissions are silent as to such effort – there is not even a discussion of Plaintiffs seeking additional financing from any other lender.  Likewise, as the Court is aware, Plaintiff has fallen behind in providing the Court with monthly operating statements in the main bankruptcy case and does not explain in any level of detail how failure to get a PPP loan will impact the bankruptcy estate or alter the Chapter 11 administration.

In short, Plaintiff has not come close to meeting his burden with respect to demonstrating irreparable harm.  Accordingly, for the reasons set forth above and in the United States' prior

3

briefing on this issue (*see* Doc. 19 in 20-00055), this Court should deny Plaintiff's request for a

temporary restraining order.

Dated: May 7, 2020          Respectfully submitted,

UNITED STATES OF AMERICA

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

*W. STEPEHEN MULDROW*
United States Attorney

<u>*s/Rafael J. López-Rivera*</u>
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov

Pedro Jaime López-Bergollo
Special Assistant US Attorney
USDC No. 231412
273 Ponce de León Ave., Suite 510
Plaza 273
San Juan, PR 00917-1930
Tel.: 787-766-5269
Email: pedro.lopez-bergollo@sba.gov

RUTH A. HARVEY
Director
MARGARET M. NEWELL
Assistant Director
MICHAEL TYE
Trial Attorney (G03112)
United States Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station

4

Washington, DC 20044-0875
(202) 305-2419
Michael.Tye@usdoj.gov