UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br>Abe's Boat Rentals, Inc.<br>*Debtor* | Case No. 18-11102 |
| Abe's Boat Rentals, Inc.<br>*Plaintiff* | Chapter 11 |
| v. | Judge John W. Kolwe |
| Jovita Carranza, In Her Capacity as Administrator for the U.S. Small Business Administration<br>*Defendant* | Adv. Proc. No. 20-1029 |

## ORDER DENYING THE PLAINTIFF'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING A HEARING ON THE APPLICATION FOR A PRELIMINARY INJUNCTION

On May 11, 2020, the Debtor filed a Complaint and Verified Emergency Application for Temporary Restraining Order and Preliminary Injunction (ECF #1) against Defendant Jovita Carranza, In Her Capacity as Administrator for the United States Small Business Administration, or SBA. The Debtor contends that the SBA exceeded its authority by forbidding debtors in bankruptcy from applying for funds through the SBA's Paycheck Protection Program ("PPP") under the Coronavirus Aid, Relief, and Economic Stimulus ("CARES") Act, and that the SBA's actions constitute discrimination against debtors under 11 U.S.C. § 525(a). The Debtor seeks the issuance of a temporary restraining order ("TRO") and a hearing on a preliminary injunction.

To obtain either a TRO or preliminary injunction, plaintiffs must demonstrate four requirements, all of which must be satisfied to obtain relief: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that their substantial injury outweighed the threatened harm to the party whom they sought to enjoin, and (4) that granting the preliminary

injunction would not disserve the public interest."[1] "If the party requesting a preliminary injunction cannot show a substantial likelihood of success on the merits, the injunction should be denied and there is no need for the court to address the other requirements for a preliminary injunction."[2]

The undersigned judge recently addressed the same legal issue in the Western District of Louisiana case of *J-H-J, Inc. v. Carranza*, Docket No. 20-5014, denying the Plaintiffs' Application for a Preliminary Injunction after a hearing on May 12, 2020, on the ground that the Plaintiffs failed to demonstrate a substantial likelihood of success on the merits. In the J-H-J hearing, the Court adopted by reference the reasons explained by Judge Gargotta in *Asteria Education Inc. v. Carranza*, 20-5024 (Bankr. W.D. Tex. 2020) and Judge Mott in *Trudy's Texas Star, Inc.*, 20-1026 (W.D. Tex.), both on hearings for TROs on the same issue, and the Court hereby adopts that reasoning here.[3] The Complaint in this case, including the Emergency Application for Temporary Restraining Order and Preliminary Injunction, effectively raises the same issues and arguments, and the Court will deny the request for a TRO on the same basis, for failure to demonstrate a substantial likelihood of success on the merits.

Although this determination would seem to foreclose the Debtor's prevailing on the request for a preliminary injunction, the Court is mindful of the fact that Fed. R. Civ. P. 65, made applicable to the bankruptcy court through Fed. R. Bankr. P. 7065, appear to contemplate that a hearing will be held on a request for a preliminary injunction, and most courts have required a hearing. Accordingly, out of an abundance of caution, the Court will set a hearing on the Debtor's request for a preliminary injunction.

---

[1] *Planned Parenthood Ass'n of Hidalgo County Texas, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999), *aff'd in part*, 237 F.3d 631 (5th Cir. 2000) (noting that the standards are the same for TROs and that both TROs and preliminary injunctions "are extraordinary relief and [are] rarely issued.").

[2] *Butts v. Aultman*, 953 F.3d 353, 361 (5th Cir. 2020) (citing *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003)).

[3] Counsel for the Debtor in this case attended the *J-H-J* hearing by telephone.

IT IS ORDERED that the Debtor's request for a temporary restraining order is DENIED.

IT IS FURTHER ORDERED that the Court shall hold a hearing on the Debtor's Request for a Preliminary Injunction on May 19, 2020, at 2:00 p.m. Any objection to the Debtor's Application shall be filed on or before May 18, 2020.

Thus, done and signed this 13th day of May, 2020.

Judge John W. Kolwe
U. S. Bankruptcy Court