# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br>**ORGANIC POWER, LLC.,**<br>**DEBTOR.**<br>———————————————— | **Bankr. Case No.: 19-01789(ESL)**<br><br>**Chapter 11**<br>———————————————— |
| ORGANIC POWER, LLC.<br>Plaintiff<br><br>v.<br><br>The U.S. Small Business Administration and Jovita Corranza, solely as the Administrator of the U.S. Small Business Administration,<br><br>Defendant | **Adv. Proceeding. No.20-00055** |

<u>**FIRST SET OF INTERROGATORY, REQUEST FOR ADMISSIONS AND PRODUCTION OF DOCUMENTS**</u>

**TO:** Small Business Administration, through their counsel Michael Tye, Esq.

**FROM:** Organic Power, LLC., through his counsel of record, Rafael A. González Valiente, Esq.

**COMES NOW, Organic Power, LLC.,** who very respectfully submits this First Set of Interrogatories to Small Business Administration, to be answered separately, **under oath**, pursuant to Rules 33 and 34 of Federal Rules of Civil Procedure:

**I.   <u>GENERAL INSTRUCTIONS</u>**

A.   If any of these Interrogatories cannot be answered in full, then you should answer to the extent possible and specify the reasons for your inability to answer the remainder.

1

B.    The person or persons answering these Interrogatories must furnish such information as is known or is available to him/her upon reasonable investigation regardless of whether you obtained this information directly, or whether this information was obtained by and made known to you by any of your attorneys or other agents or representatives.

C.    If you object to any part of an Interrogatory, state precisely your objection and answer, to the best of your ability, the remaining portion of that Interrogatory. If any discovery request is objected to as inquiring into privileged matter, set forth fully in the objection the facts upon which you base your objection. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory within what you believe is the appropriate scope for the appropriate time period.

D.    Rule 33 of the Federal Rules of Civil Procedure allows each party to serve twenty- five (25) interrogatories upon any other party as a matter of right. To the extent multiple Plaintiffs are listed herein as participants in the propounding of this discovery, each said Plaintiff so joins for the purpose of avoidance of cumulative discovery efforts and to expedite the discovery process. Notwithstanding, each below-listed Plaintiff reserves the right to propound additional interrogatories, without leave of court, in such a number so that each Plaintiff may exercise its right to serve twenty-five (25) total interrogatories as contemplated in Rule 33. In the event any or all of the below-listed Plaintiffs choose to exercise its right to propound a total of twenty-five (25) interrogatories each, each Plaintiff named herein will be deemed responsible for a proportionate share of questions presented below.

## II.    DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

A.    " You," "your," " yourself," or "defendant" means or refers to

2

the person which is answering this interrogatory, on behalf of Reinaldo Rodríguez Santiago.

B.    " Document" or "documents" means any writing of any kind, including originals and all nonidentical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electric records or representations of any kind, or which you have knowledge or which are now or were formally in your actual or constructive possession, custody or  control.

C.    "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories are addressed, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

D.    "Relates to" means supports, evidences, describes, mentions, refers to, contradicts or comprises.

E.    " Person" means any natural or juridical person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

F.    "Identify," "identity" and " identification," when used to refer to a natural person, means to state the following:

3

1.     The person's full name and present or last known home address, home telephone number, business address and business telephone number;

2.     The person's present title and employer or other business affiliation;

3.     The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Interrogatory is directed; and His employer and title at the time of the actions at which each Interrogatory is directed.

G.   Identify," "identity" and "identification," when used to refer to a document, means to state the following:

1.     The subject of the document;

2.     The title of the document;

3.     The type of document (e.g., letter, memorandum, telegram, chart);

4.     The date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such date with reference to other events;

5.     The identity of the person or persons who wrote, contributed to, prepared or originated such document; and

6.     The present or last known location and custodian of the document.

H.   "Identify," " identity" and "identification," when used to refer to oral communications means to state the following:

1.     Identify the person making any statement, the person to whom the statement was made, and all persons present at the time the statement was made;

2.     To state whether the statement was recorded, transcribed, or summarized by any person;

3.     To summarize the contents of the communication or conversation;

4.     To state the date of the communication; and

5.     To identify any person having custody of any document evidencing the communication.

I.   To "state the basis for a claim or allegation" means to

4

provide the following information:

    1.   Identify persons having information or knowledge about such incident or event about which such claim or allegation is made;

    2.   Identify documents pertaining to such incident or event about which such claim or allegation is made;

    3.   Identify documents providing information about such incident or event about which such claim or allegation is made;

    4.   Identify oral or verbal communications pertaining to such incident or event about which such claim or allegation is made;

    5.   Identify oral or verbal communications providing information about such incident or event about which such claim or allegation is made;

    6.   Describe the incident or event about which such claim or allegation is made; and

    7.   State the legal bases, including identifying contracts, agreements or other documents (including specifying the particular portions relied upon), statutes, rules, regulations and oral and verbal communications, underlying or supporting the claim or allegation or upon which the claim or allegation is based.

### III.   __INTERROGATORY__

1.   State your full name exactly, including middle initial and any variations you have utilized (first initial, middle name, dropped first name utilizing middle name), and that of your spouse or guardian. State any previous married names, if applicable, and the inclusive dates thereof.

2.   State your date of birth, marital status, place of birth (city, county and state and/or country), and your complete current address and the time you have spent in said location.

3.   Describe in detail your education, special training and experience for your work, business, occupation and/or profession.

4.     List jobs or positions of employment (including self-employment) held by you in the past **ten (10) years** and provide name and address of employer; the date of commencement and termination of employment, reason for termination and the place of employment.  If self-employed, describe the types of work you have performed during said period.

5.     Please describe in detail the procedure used by the SBA to create the Rules for the Paycheck Protection Program ("PPP").

6.     Please describe in detail the procedure and reasoning used to exclude small businesses in bankruptcy from applying for PPP "loans".

7.     Provide the name and address of each and every witness you intend to use at the trial of the instant case. For each such witness, individually provide a summary of the testimony that you expect said person to testify on and contact information.

8.     Provide the name and address of each and every expert witness of whose opinion you have relied upon along with a copy of his current Curriculum Vitae and Expert Witness Report.

9.     List every document which you, your attorney or anyone acting on your behalf, provided to said expert(s) so that he could provide you or your attorney with said opinion(s).

10.  List all cases in the United States that are being heard on the same controversy (Please include those in State Courts, Bankruptcy Court, District Courts, Bankruptcy Appellate Panel, Circuit Courts and Supreme Court).  Please include the name of the Court, the case caption and the case number for each proceeding.

### IV. <u>REQUEST FOR ADMISSIONS</u>

For each request please state your answer; if statement is not admitted, please provide a detailed explanation for your denial.

1.     Admit that the CARES Act is a grant of aid necessitated by a public health crisis.

2.     Admit that CARES Act makes PPP monies available regardless of the financial condition of the requesting entity.

3.     Admit that the CARES Act makes PPP monies available to persons or entities regardless of their capacity to repay the "loan".

4.    Admit that the CARES Act explicitly excludes medium and large size businesses that are bankrupt from applying for a PPP "loan".

5.    Admit that the CARES Act does not exclude small size businesses that are bankrupt from applying for a PPP "loan".

6.    Admit that nothing in the CARES Act permits or authorizes the SBA to exclude businesses involved in bankruptcy from applying for PPP "loan".

7.    Admit that the SBA did not act consistently with the CARES Act.

8.    Admit that the PPP is a support program for businesses affected by COVID-19.

9.    Admit that the PPP "loan" program assumes financial distress.

10.   Admit that the PPP statute presents extremely favorable terms for applicants.

11.   Admit that creditworthiness is not a requirement for the approval of a PPP "loan".

12.   Admit that the PPP funds have no fee charge.

13.   Admit that the PPP funds interest rate 1%.

14.   Admit that the SBA Rules do not exclude small size businesses that are Debtors in Possession from applying for and obtaining a PPP "loan".

15.   Admit that the SBA Form for applying for a PPP "loan" exclude small size businesses that are involved in any bankruptcy proceeding.

16.   Admit that PPP "loans" that are approved will be fully forgiven if money is used according to certain guidelines.

17.   Admit that repayment of the granted funds is not a significant part of the program.

18.   Admit that there could be non-bankrupt entities who will receive the PPP "loan" that are in worse financial condition than a bankruptcy debtor.

7

19. Admit that the SBA did not act consistently with its own eligibility requirements set forth in CFR 120.110.

20. Admit that the SBA did not act consistently with its eligibility requirements set forth in SOP 50-10.

21. Admit that the risk of harms to debtors in possession far out weights any harm to SBA.

22. Admit that there is no indications in the CARES Act that Congress intended to exclude small businesses in bankruptcy proceedings from participating in the PPP program.

## V.   PRODUCTION OF DOCUMENTS

1.   Provide all documentation requested in the interrogatories above.

2.   Provide all documentation in which you based your answers to the interrogatories or admission above.

3.   Enclose with your answer to this interrogatory a copy of all documents that as a result of the engagement related to the instant action said expert(s) has (have) prepared or gathered.

**I HEREBY CERTIFY:** That copy of this document has been sent to the all the attorneys of Record.

In San Juan, Puerto Rico, this 21st day of May of 2020.

*S/ RAFAEL A. GONZALEZ VALIENTE*

**Rafael A. González Valiente**
**USDC ID. NO. 225209**

**GODREAU & GONZALEZ LAW**
**1806 MCLEARY STREET**
**SAN JUAN, PR 00902**
**TEL: (787)**
rgv@g-glawpr.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re ORGANIC POWER LLC

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
|                                        | ) | Chapter 11 Case              |
|                                        | ) | Bankr. Case No.: 19-01789(EAG) |
| Debtor,                                | ) |                              |
| —————————————————————————————————————— | ) |                              |
|                                        | ) |                              |
| ORGANIC POWER LLC                      | ) |                              |
|                                        | ) |                              |
| Plaintiff,                             | ) |                              |
|                                        | ) |                              |
| v.                                     | ) | Adversary Proceeding         |
|                                        | ) | No. 20-00055 (EAG)           |
| SMALL BUSINESS ADMINISTRATION AND      | ) |                              |
| JOVITA CARRANZA, in her capacity as    | ) |                              |
| Administrator for the U.S. Small       | ) |                              |
| Business Administration,               | ) |                              |
|                                        | ) |                              |
| Defendant.                             | ) |                              |

**UNITED STATES' RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Jovita Carranza, in her capacity as Administrator for the U.S. Small Business Administration (SBA) provides this response (Response) to Plaintiffs' First Set of Interrogatories ("Interrogatories").

The United States notes at the outset that it objects to these Interrogatories in their entirety because they are not relevant to any factual issue remaining in this case or proportional to the needs of the case for the purposes of Federal Rule of Civil Procedure 26.  Plaintiff has claims in this case under (1) the Administrative Procedures Act ("APA") and (2) the anti-discrimination provision of 11 U.S.C. § 525.  With respect to Plaintiffs' APA claims, "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal.  The 'entire case' on review is a question of law." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001).  The record in such an APA case is limited to the administrative record and discovery is not

permitted.  *See*, *e.g.*, *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (holding that "because a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is not permitted"). Put another way, for such claims, the "standard discovery tools" do not apply.  *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This is because introducing evidence outside of the administrative record would potentially lead the court to supplanting its judgment for the agency's, undermining the administrative process.  *See*, *e.g.*, *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (holding that "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its own judgment for that of the agency").  Defendant has already submitted the Administrative Record in this case as Exhibit 19 to the United States' Motion to Dismiss Plaintiff's Claims (filed June 8, 2020).  The Administrative Record includes public record documents and the Miller Declaration.  A declaration is an accepted form of presentation of the Administrative Record.  *See, e.g.*, *Olivares v. Transportation Sec. Admin.*, 819 F.3d 454, 463-64 (D.C. Cir. 2016) ("TSA submitted the Vara Declaration and other internal agency documents that, together, offer a clear statement of the grounds and rationale upon which TSA relied in denying Petitioner's application for flight training"); *Rhea Lana, Inc. v. U.S. Department of Labor*, No. 1:14-cv-00017 (CRC), 2016 WL 10932817, at *2 (D.D.C. 2016) ("The Darling Declaration sets forth the reasons for DOL's finding of wage-and-hour violations, which were absent from the determination letter the agency sent Rhea Lana at the conclusion of its 2013 investigation. As such, the declaration belongs in the administrative record because it furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review.") (quotation omitted); *TOMAC v. Norton*, 240 F. Supp. 2d 45, 48-49 (D.D.C. 2003) (accepting declaration as additional explanation

of the reasons for the agency decision) (quotation omitted).  Plaintiff's Interrogatories related to

its APA claims which seek information outside the administrative record are thus not permitted.

Similarly, Plaintiff's claim under section 525 presents a pure question of law for the Court

as to whether section 525 applies to the PPP loans at issue.  As a result, both of Plaintiffs' claims

present pure legal issues for the Court and the discovery sought by Plaintiff is irrelevant to any

claim in this case.  To be sure, there are remaining factual issues in this case with respect to, for

example, whether Plaintiff can demonstrate the element of irreparable harm for a permanent

injunction.  However, none of the Interrogatories below are directed at any issue in the case for

which factual issues remain or discovery is permitted.  Accordingly, the United States objects in

its entirety to each of the Interrogatories below.

Subject and without waiving the foregoing objection, in the interest of time, the United

States set forth its general and specific objections to Plaintiffs' Interrogatories.

## GENERAL OBJECTIONS TO INTERROGATORIES FOR ADMISSION

1.      By responding to these Interrogatories, the United States does not waive its

objections set forth above.  Nor does the United States waive its right to object to the use of the

responses on any ground in this or any other proceeding.  The objections below are based on the

information known to the SBA as of the date of this Response, and the United States reserves the

right to amend any answer as necessary if additional information comes to light.

2.      The United States objects to the Interrogatories to the extent they seek conclusions

of law rather than an admission of fact.

3.      The United States objects to the Interrogatories to the extent they seek, or can be

construed as seeking, information protected by the attorney-client privilege, work product

privilege, deliberative process privilege, a right to privacy under applicable law, any joint defense,

common interest or party communications privilege, investigative privilege, or any other applicable privilege, doctrine, or right that would make the information immune from discovery. Any inadvertent production of information protected by any of these privileges, doctrines, or rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

4.    The United States objects to the Interrogatories to the extent they seek to impose obligations beyond those stated in Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules for this Bankruptcy Court.

5.    The United States objects to the Interrogatories to the extent they seek information that is not relevant to any claim or defense, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26.

6.    The United States objects to the Interrogatories to the extent they seek answers or information beyond the scope of authority delegated to Administrator of SBA, who has responsibility to administer the Payroll Protection Program as enacted by the Coronavirus Aid, Relief, and Economic Stimulus (CARES) Act, Pub. L. 116-136,134 Stat. 28.  This response, therefore is expressly limited to information available to, and in possession and control of, SBA. The United States objects to all Interrogatories that seek information concerning any other federal agency or component as overbroad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.    The United States objects to these Interrogatories to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

## INTERROGATORIES

1. **State your full name exactly, including middle initial and any variations you have utilized (first initial, middle name, dropped first name utilizing middle name), and that of your spouse or guardian. State any previous married names, if applicable, and the inclusive dates thereof.**

   **RESPONSE:**  The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory because it unclear to whom this Interrogatory is directed. Finally, the United States objects to this Interrogatory because it is irrelevant to any claim or defense in this case.

2. **State your date of birth, marital status, place of birth (city, county and state and/or country), and your complete current address and the time you have spent in said location.**

   **RESPONSE:**  The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory because it unclear to whom this Interrogatory is directed. Finally, the United States objects to this Interrogatory because it is irrelevant to any claim or defense in this case.

3. **Describe in detail your education, special training and experience for your work, business, occupation and/or profession.**

   **RESPONSE:**  The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory because it unclear to whom this Interrogatory is directed. Finally, the United States objects to this Interrogatory because it is irrelevant to any claim or defense in this case.

4. **List jobs or positions of employment (including self-employment) held by you in the past ten (10) years and provide name and address of employer; the date of**

**commencement and termination of employment, reason for termination and the place of employment. If self-employed, describe the types of work you have performed during said period.**

**RESPONSE:** The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory because it unclear to whom this Interrogatory is directed. Finally, the United States objects to this Interrogatory because it is irrelevant to any claim or defense in this case.

5. **Please describe in detail the procedure used by the SBA to create the Rules for the Paycheck Protection Program ("PPP").**

**RESPONSE:** The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory to the phrase "create the Rules" as vague and ambiguous.  The United States further objects to this Interrogatory to the extent it seeks discovery beyond the administrative record for Plaintiffs' APA claims.   The United States further objects to this Interrogatory to the extent that it seeks information covered by the attorney-client privilege, work product privilege, deliberative process privilege, a right to privacy under applicable law, any joint defense, common interest or party communications privilege, investigative privilege, or any other applicable privilege, doctrine, or right that would make the information immune from discovery.

6. **Please describe in detail the procedure and reasoning used to exclude small businesses in bankruptcy from applying for PPP "loans".**

**RESPONSE:** The United States objects to this Interrogatory because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Interrogatory to the phrase "create the Rules" as vague and ambiguous.  The United States further objects to this Interrogatory to the extent it seeks discovery beyond the

administrative record for Plaintiffs' APA claims.   The United States further objects to this

Interrogatory to the extent that it seeks information covered by the attorney-client privilege, work

product privilege, deliberative process privilege, a right to privacy under applicable law, any joint

defense, common interest or party communications privilege, investigative privilege, or any other

applicable privilege, doctrine, or right that would make the information immune from discovery.

**7.   Provide the name and address of each and every witness you intend to use at the trial of the instant case. For each such witness, individually provide a summary of the testimony that you expect said person to testify on and contact information.**

**RESPONSE:**  The United States objects to this Interrogatory as premature.  The United States

will set forth its list of witnesses in accordance with the schedule adopted by this Court.  Subject

to and without waiving those objections, the United States does not currently plan to present the

direct testimony of any witness.  The United States, however, reserves the right to amend this

response in accordance with the schedule for the disclosure of witnesses in this case.

**8.   Provide the name and address of each and every expert witness of whose opinion you have relied upon along with a copy of his current Curriculum Vitae and Expert Witness Report.**

**RESPONSE:**  The United States objects to this Interrogatory as premature.  The United

States will set forth its list of expert witnesses in accordance with the schedule adopted by this

Court.  Subject to and without waiving those objections, the United States does not currently

plan to present the direct testimony of any expert witness.  The United States, however, reserves

the right to amend this response in accordance with the schedule for the disclosure of witnesses

in this case.

**9.   List every document which you, your attorney or anyone acting on your behalf, provided to said expert(s) so that he could provide you or your attorney with said opinion(s).**

**RESPONSE:** The United States objects to this Interrogatory as premature. The United States will set forth its list of expert witnesses in accordance with the schedule adopted by this Court. Subject to and without waiving those objections, the United States does not currently plan to present the direct testimony of any expert witness, so no such documents exist at the time of this answer.

**10. List all cases in the United States that are being heard on the same controversy (Please include those in State Courts, Bankruptcy Court, District Courts, Bankruptcy Appellate Panel, Circuit Courts and Supreme Court). Please include the name of the Court, the case caption and the case number for each proceeding.**

**RESPONSE:** The United States objects to the phrase "same controversy" as vague and ambiguous. The United States further objects to this Interrogatory because it seeks information available on publicly available databases that are as easily accessible to Plaintiff as Defendant.

Dated: June 9, 2020

Respectfully submitted,

UNITED STATES OF AMERICA

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

*W. STEPEHEN MULDROW*
United States Attorney

*s/Rafael J. López-Rivera*
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219

rafael.j.lopez@usdoj.gov

Pedro Jaime López-Bergollo
Special Assistant US Attorney
USDC No. 231412
273 Ponce de León Ave., Suite 510
Plaza 273
San Juan, PR 00917-1930
Tel.: 787-766-5269
Email: pedro.lopez-bergollo@sba.gov

RUTH A. HARVEY
Director
MARGARET M. NEWELL
Assistant Director
MICHAEL TYE
Trial Attorney (G03112)
United States Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
 (202) 305-2419

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re ORGANIC POWER LLC

|  |  |  |
|---|---|---|
| | ) | Chapter 11 Case |
| | ) | Bankr. Case No.: 19-01789(EAG) |
| Debtor, | ) | |
|_____| ) | |
| | ) | |
| ORGANIC POWER LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 20-00055 (EAG) |
| SMALL BUSINESS ADMINISTRATION AND | ) | |
| JOVITA CARRANZA, in her capacity as | ) | |
| Administrator for the U.S. Small | ) | |
| Business Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Jovita Carranza, in her capacity as Administrator for the U.S. Small Business Administration (SBA) provides this response (Response) to Plaintiffs' First Set of Requests for Production ("Requests").

The United States notes at the outset that it objects to these Requests in their entirety because they are not relevant to any factual issue remaining in this case or proportional to the needs of the case for the purposes of Federal Rule of Civil Procedure 26. Plaintiff has claims in this case under (1) the Administrative Procedures Act ("APA") and (2) the anti-discrimination provision of 11 U.S.C. § 525. With respect to Plaintiffs' APA claims, "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001). The record in such an APA case is limited to the administrative record and discovery is not

permitted.  *See*, *e.g.*, *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (holding that "because a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is not permitted"). Put another way, for such claims, the "standard discovery tools" do not apply. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This is because introducing evidence outside of the administrative record would potentially lead the court to supplanting its judgment for the agency's, undermining the administrative process. *See*, *e.g.*, *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (holding that "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its own judgment for that of the agency").  Defendant has already submitted the Administrative Record in this case as Exhibit 19 to the United States' Motion to Dismiss Plaintiff's Claims (filed June 8, 2020).  The Administrative Record includes public record documents and the Miller Declaration.  A declaration is an accepted form of presentation of the Administrative Record.  *See, e.g.*, *Olivares v. Transportation Sec. Admin.*, 819 F.3d 454, 463-64 (D.C. Cir. 2016) ("TSA submitted the Vara Declaration and other internal agency documents that, together, offer a clear statement of the grounds and rationale upon which TSA relied in denying Petitioner's application for flight training"); *Rhea Lana, Inc. v. U.S. Department of Labor*, No. 1:14-cv-00017 (CRC), 2016 WL 10932817, at *2 (D.D.C. 2016) ("The Darling Declaration sets forth the reasons for DOL's finding of wage-and-hour violations, which were absent from the determination letter the agency sent Rhea Lana at the conclusion of its 2013 investigation. As such, the declaration belongs in the administrative record because it furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review.") (quotation omitted); *TOMAC v. Norton*, 240 F. Supp. 2d 45, 48-49 (D.D.C. 2003) (accepting declaration as additional explanation

of the reasons for the agency decision) (quotation omitted).  Plaintiff's Requests related to its APA

claims that seek information outside the administrative record are thus not permitted.

Similarly, Plaintiff's claim under section 525 presents a pure question of law for the Court

as to whether section 525 applies to the PPP loans at issue.  As a result, both of Plaintiffs' claims

present pure legal issues for the Court and the discovery sought by Plaintiff is thus irrelevant to

any claim in this case.  To be sure, there are remaining factual issues in this case with respect to,

for example, whether Plaintiff can demonstrate the element of irreparable harm.  However, none

of the Requests below are directed at any issue in the case for which factual issues remain or

discovery is permitted.  Accordingly, the United States objects in its entirety to each of the

Requests below.

Subject and without waiving the foregoing objection, in the interest of time, the United

States set forth its general and specific objections to Plaintiffs' Requests.

## GENERAL OBJECTIONS TO REQUESTS FOR ADMISSION

1.      By responding to these Requests, the United States does not waive its objections

set forth above.  Nor does the United States waive its right to object to the use of the responses on

any ground in this or any other proceeding.  The objections below are based on the information

known to the SBA as of the date of this Response, and the United States reserves the right to amend

any answer as necessary if additional information comes to light.

2.      The United States objects to the Requests to the extent they seek conclusions of law

rather than an admission of fact.

3.      The United States objects to the Requests to the extent they seek, or can be

construed as seeking, information protected by the attorney-client privilege, work product

privilege, deliberative process privilege, a right to privacy under applicable law, any joint defense,

common interest or party communications privilege, investigative privilege, or any other applicable privilege, doctrine, or right that would make the information immune from discovery. Any inadvertent production of information protected by any of these privileges, doctrines, or rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

4.      The United States objects to the Requests to the extent they seek to impose obligations beyond those stated in Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules for this Bankruptcy Court.

5.      The United States objects to the Requests to the extent they seek information that is not relevant to any claim or defense, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26.

6.      The United States objects to the Requests to the extent they seek answers or information beyond the scope of authority delegated to Administrator of SBA, who has responsibility to administer the Payroll Protection Program as enacted by the Coronavirus Aid, Relief, and Economic Stimulus (CARES) Act, Pub. L. 116-136,134 Stat. 28.  This response, therefore is expressly limited to information available to, and in possession and control of, SBA. The United States objects to all Requests that seek information concerning any other federal agency or component as overbroad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      The United States objects to these Requests to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

## REQUESTS

**1. Provide all documentation requested in the interrogatories above.**

**RESPONSE**:  The United States refers Plaintiff to the United States Objections to

Plaintiff's First Set of Interrogatories and incorporates by reference all objections set forth

therein.

**2. Provide all documentation in which you based your answers to the interrogatories
or admission above.**

**RESPONSE**:  The United States refers Plaintiff to the United States' Objections to

Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Admission and

incorporates by reference all objections set forth therein.

**3. Enclose with your answer to this interrogatory a copy of all documents that as a
result of the engagement related to the instant action said expert(s) has (have)
prepared or gathered.**

**RESPONSE**:  The United States refers Plaintiff to the United States' Objections to

Plaintiff's First Set of Interrogatories and incorporates by reference all objections set forth

therein.

Dated: June 9, 2020

                       Respectfully submitted,

                       UNITED STATES OF AMERICA

                       JOSEPH H. HUNT
                       Assistant Attorney General
                       Civil Division

                       *W. STEPEHEN MULDROW*
                       United States Attorney

                       *s/Rafael J. López-Rivera*
                       Rafael J. López-Rivera

Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov

Pedro Jaime López-Bergollo
Special Assistant US Attorney
USDC No. 231412
273 Ponce de León Ave., Suite 510
Plaza 273
San Juan, PR 00917-1930
Tel.: 787-766-5269
Email: pedro.lopez-bergollo@sba.gov

RUTH A. HARVEY
Director
MARGARET M. NEWELL
Assistant Director
MICHAEL TYE
Trial Attorney (G03112)
United States Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
 (202) 305-2419

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re ORGANIC POWER LLC

|  |  |  |
|---|---|---|
| | ) | Chapter 11 Case |
| | ) | Bankr. Case No.: 19-01789(EAG) |
| Debtor, | ) | |
| | ) | |

ORGANIC POWER LLC                                      )
                                                                        )
            Plaintiff,                                            )
                                                                        )
v.                                                                    )        Adversary Proceeding
                                                                        )        No. 20-00055 (EAG)
SMALL BUSINESS ADMINISTRATION AND       )
JOVITA CARRANZA, in her capacity as             )
Administrator for the U.S. Small                       )
Business Administration,                                 )
                                                                        )
            Defendant.                                         )

**UNITED STATES' RESPONSE TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, Jovita

Carranza, in her capacity as Administrator for the U.S. Small Business Administration (SBA)

provides this response (Response) to Plaintiffs' First Set of Requests for Admission ("Requests").

The United States notes at the outset that it objects to these Requests in their entirety

because they are not relevant to any factual issue remaining in this case or proportional to the needs

of the case for the purposes of Federal Rule of Civil Procedure 26.  Plaintiff has claims in this case

under (1) the Administrative Procedures Act ("APA") and (2) the anti-discrimination provision of

11 U.S.C. § 525.  With respect to Plaintiffs' APA claims, "when a party seeks review of agency

action under the APA, the district judge sits as an appellate tribunal.  The 'entire case' on review

is a question of law." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir.

2001).  The record in such an APA case is limited to the administrative record and discovery is not

permitted.  *See*, *e.g.*, *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (holding that "because a court's review of an agency's decision is confined to the administrative record . . . courts uniformly have held that discovery typically is not permitted"). Put another way, for such claims, the "standard discovery tools" do not apply. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This is because introducing evidence outside of the administrative record would potentially lead the court to supplanting its judgment for the agency's, undermining the administrative process.  *See*, *e.g.*, *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (holding that "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its own judgment for that of the agency").  Defendant has already submitted the Administrative Record in this case as Exhibit 19 to the United States' Motion to Dismiss Plaintiff's Claims (filed June 8, 2020).  The Administrative Record includes public record documents and the Miller Declaration.  A declaration is an accepted form of presentation of the Administrative Record.  *See, e.g.*, *Olivares v. Transportation Sec. Admin.*, 819 F.3d 454, 463-64 (D.C. Cir. 2016) ("TSA submitted the Vara Declaration and other internal agency documents that, together, offer a clear statement of the grounds and rationale upon which TSA relied in denying Petitioner's application for flight training"); *Rhea Lana, Inc. v. U.S. Department of Labor*, No. 1:14-cv-00017 (CRC), 2016 WL 10932817, at *2 (D.D.C. 2016) ("The Darling Declaration sets forth the reasons for DOL's finding of wage-and-hour violations, which were absent from the determination letter the agency sent Rhea Lana at the conclusion of its 2013 investigation. As such, the declaration belongs in the administrative record because it furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review.") (quotation omitted); *TOMAC v. Norton*, 240 F. Supp. 2d 45, 48-49 (D.D.C. 2003) (accepting declaration as additional explanation

of the reasons for the agency decision) (quotation omitted).  Plaintiff's Requests related to its APA claims that seek information outside the administrative record are thus not permitted.

Similarly, Plaintiff's claim under Section 525 presents a pure question of law for the Court as to whether Section 525 applies to the PPP loans at issue.  As a result, both of Plaintiffs' claims present pure legal issues for the Court and the discovery sought by Plaintiff is thus irrelevant to any claim in this case.  To be sure, there are remaining factual issues in this case with respect to, for example, whether Plaintiff can demonstrate the element of irreparable harm.  However, none of the Requests below are directed at any issue in the case for which factual issues remain or discovery is permitted.  Accordingly, the United States objects to each of the Requests below in its entirety.

Subject to and without waiving the foregoing objection, in the interest of time, the United States set forth its general and specific objections to Plaintiffs' Requests.

## GENERAL OBJECTIONS TO REQUESTS FOR ADMISSION

1.      By responding to these Requests, the United States does not waive its objections set forth above.  Nor does the United States waive its right to object to the use of the responses on any ground in this or any other proceeding.  The objections below are based on the information known to the SBA as of the date of this Response, and the United States reserves the right to amend any answer as necessary if additional information comes to light.

2.      The United States objects to the Requests to the extent they seek conclusions of law rather than an admission of fact.

3.      The United States objects to the Requests to the extent they seek, or can be construed as seeking, information protected by the attorney-client privilege, work product privilege, deliberative process privilege, a right to privacy under applicable law, any joint defense,

common interest or party communications privilege, investigative privilege, or any other applicable privilege, doctrine, or right that would make the information immune from discovery. Any inadvertent production of information protected by any of these privileges, doctrines, or rights shall not be deemed a waiver of the protections that those privileges, doctrines, or rights afford.

4.      The United States objects to the Requests to the extent they seek to impose obligations beyond those stated in Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules for this Bankruptcy Court.

5.      The United States objects to the Requests to the extent they seek information that is not relevant to any claim or defense, proportional to the needs of the case, or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26.

6.      The United States objects to the Requests to the extent they seek answers or information beyond the scope of authority delegated to Administrator of SBA, who has responsibility to administer the Payroll Protection Program as enacted by the Coronavirus Aid, Relief, and Economic Stimulus (CARES) Act, Pub. L. 116-136,134 Stat. 28.  This response, therefore is expressly limited to information available to, and in possession and control of, SBA. The United States objects to all Requests that seek information concerning any other federal agency or component as overbroad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.      The United States objects to these Requests to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

4

## REQUESTS

**1. Admit that the CARES Act is a grant of aid necessitated by a public health crisis.**

**RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 1 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**2. Admit that CARES Act makes PPP monies available regardless of the financial condition of the requesting entity.**

**RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request to the phrase "makes PPP monies available" as vague and ambiguous. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 2 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**3. Admit that the CARES Act makes PPP monies available to persons or entities regardless of their capacity to repay the "loan**

**RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request to the phrase "makes PPP monies available" as vague and ambiguous. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 3 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**4. Admit that the CARES Act explicitly excludes medium and large size businesses that are bankrupt from applying for a PPP "loan".**

5

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request because it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 4 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**5. Admit that the CARES Act does not exclude small size businesses that are bankrupt from applying for a PPP "loan".**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request because it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 5 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves..

**6. Admit that nothing in the CARES Act permits or authorizes the SBA to exclude businesses involved in bankruptcy from applying for PPP "loan".**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request because it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 6 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**7. Admit that the SBA did not act consistently with the CARES Act.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States objects to the term "act consistently" as vague and ambiguous.  The United States further objects

6

to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is

required, SBA Denies Request 7.

**8.    Admit that the PPP is a support program for businesses affected by COVID-19.**

**RESPONSE:**  The United States objects to this Request because it does not concern the

issue of irreparable harm or any other remaining factual issue in this case.  The United States

further objects to this Request to the phrase "support program" as vague and ambiguous.  The

United States further objects to this Request to the extent that it seeks a legal conclusion.  To the

extent that a response is required, SBA Denies Request 8 to the extent that it varies from the

laws, rules and guidance governing PPP loans, which speak for themselves.

**9.    Admit that the PPP "loan" program assumes financial distress.**

**RESPONSE:**  The United States objects to this Request because it does not concern the

issue of irreparable harm or any other remaining factual issue in this case.  The United States

further objects to this Request to the phrase "assumes financial distress" as vague and

ambiguous.  The United States further objects to this Request to the extent that it seeks a legal

conclusion.  To the extent that a response is required, SBA Denies Request 9 to the extent that it

varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**10.  Admit that the PPP statute presents extremely favorable terms for applicants.**

**RESPONSE:**  The United States objects to this Request because it does not concern the

issue of irreparable harm or any other remaining factual issue in this case.  The United States

further objects to this Request to the phrases "extremely favorable terms" and "the PPP status

presents" as vague and ambiguous.  The United States further objects to this Request to the

extent it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request

10 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**11. Admit that creditworthiness is not a requirement for the approval of a PPP "loan".**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 11 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**12. Admit that the PPP funds have no fee charge.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "no fee charge" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 12 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**13. Admit that the PPP funds interest rate 1%.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "PPP funds interest rate 1%" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 13 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**14. Admit that the SBA Rules do not exclude small size businesses that are Debtors in Possession from applying for and obtaining a PPP "loan".**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  No further response is required from SBA.  To the extent that a response is required, SBA Denies Request 14 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**15. Admit that the SBA Form for applying for a PPP "loan" exclude small size businesses that are involved in any bankruptcy proceeding.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "SBA Form for applying for a PPP 'loan'" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 15 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**16. Admit that PPP "loans" that are approved will be fully forgiven if money is used according to certain guidelines.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "assumes financial distress" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 16 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**17. Admit that repayment of the granted funds is not a significant part of the program.**

9

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "significant part of the program" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 17 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**18. Admit that there could be non-bankrupt entities who will receive the PPP "loan" that are in worse financial condition than a bankruptcy debtor.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "worse financial condition" as vague and ambiguous. The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 18 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**19. Admit that the SBA did not act consistently with its own eligibility requirements set forth in CFR 120.110.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "act consistently" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 19.

**20. Admit that the SBA did not act consistently with its eligibility requirements set forth in SOP 50-10.**

10

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "act consistently" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 20.

**21. Admit that the risk of harms to debtors in possession far out weights any harm to SBA.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrases "risks of harms" and "any harm to SBA" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  The United States objects to this Request to the extent it presents an incomplete hypothetical.  To the extent that a response is required, SBA Denies Request 21 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

**22. Admit that there is no indications in the CARES Act that Congress intended to exclude small businesses in bankruptcy proceedings from participating in the PPP program.**

**RESPONSE:**  The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case.  The United States further objects to this Request to the phrase "no indications in the CARES Act" as vague and ambiguous.  The United States further objects to this Request to the extent that it seeks a legal conclusion.  To the extent that a response is required, SBA Denies Request 22 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

Dated: June 9, 2020

11

Respectfully submitted,

UNITED STATES OF AMERICA

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

*W. STEPHEN MULDROW*
United States Attorney

*s/Rafael J. López-Rivera*
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov

Pedro Jaime López-Bergollo
Special Assistant US Attorney
USDC No. 231412
273 Ponce de León Ave., Suite 510
Plaza 273
San Juan, PR 00917-1930
Tel.: 787-766-5269
Email: pedro.lopez-bergollo@sba.gov

RUTH A. HARVEY
Director
MARGARET M. NEWELL
Assistant Director
MICHAEL TYE
Trial Attorney (G03112)
United States Department of Justice
Commercial Litigation Branch,
Civil Division
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
 (202) 305-2419

12

Michael.Tye@usdoj.gov