# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>ORGANIC POWER, LLC.,<br><br>Debtor. | Chapter 11<br><br>Bankruptcy Case No. 19-01789 (EAG) |
| ORGANIC POWER, LLC.<br><br>Plaintiff,<br><br>v.<br><br>THE U.S. SMALL BUSINESS ADMINISTRATION and JOVITA CORRANZA, solely as Administrator of the United States Small Business Administration,<br><br>Defendants. | Adv. No. 20-00055-EAG |

### UNITED STATES' RESPONSE TO PLAINTIFF'S
### <u>URGENT MOTION REQUESTING ORDER TO COMPEL</u>

The United States of America, on behalf of the U.S. Small Business Administration (SBA) and Jovita Carranza in her capacity as SBA Administrator (the United States), hereby responds Urgent Motion Requesting Order to Compel ("Plaintiff's Motion") (Doc. 46 in 20-055). Plaintiff's Motion should be denied.

Plaintiff's Motion never actually engages with the United States' objections to Plaintiff's plainly impermissible discovery requests and provides neither any explanation why the Court should overrule any of the United States' valid objections, nor a basis to compel SBA to respond to any particular request. In fact, Plaintiff's Motion demonstrates a basic lack of understanding

1

of the claims it has alleged in this proceeding or how the discovery process operates with respect to such claims.

Plaintiff has alleged claims in this proceeding under (1) the Administrative Procedures Act ("APA") and (2) the anti-discrimination provision of 11 U.S.C. § 525(a). *See* Pl.'s Compl. (Doc. 1 in 20-0055). Nearly all of Plaintiff's discovery requests are directed at its claims under the APA. However, it is well-established that "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001). "[B]ecause a court's review of an agency's decision is confined to the administrative record . . . ***courts uniformly have held that discovery typically is not permitted***." *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (emphasis added). Put another way, for any of Plaintiff's discovery requests that are propounded in connection with such claims, the "standard discovery tools" do not apply. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012). This is because introducing evidence outside of the administrative record would potentially lead the court to supplanting its judgment for the agency's, undermining the administrative process. *See, e.g.*, *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (holding that "[w]hen a reviewing court considers evidence that was not before the agency, it inevitably leads the reviewing court to substitute its own judgment for that of the agency").

Defendant submitted the Administrative Record on June 8, 2020, as Exhibit 19 to the United States' Motion to Dismiss Plaintiff's Claims ( Doc. 44 in 20-0055). The Administrative Record includes public record documents and the Declaration of John Miller. A declaration is an accepted form of presentation of the Administrative Record. *See, e.g.*, *Olivares v.*

2

*Transportation Sec. Admin.*, 819 F.3d 454, 463-64 (D.C. Cir. 2016) ("TSA submitted the Vara Declaration and other internal agency documents that, together, offer a clear statement of the grounds and rationale upon which TSA relied in denying Petitioner's application for flight training"); *Rhea Lana, Inc. v. U.S. Department of Labor*, No. 1:14-cv-00017 (CRC), 2016 WL 10932817, at *2 (D.D.C. 2016) ("The Darling Declaration sets forth the reasons for DOL's finding of wage-and-hour violations, which were absent from the determination letter the agency sent Rhea Lana at the conclusion of its 2013 investigation. As such, the declaration belongs in the administrative record because it furnishes an explanation of the administrative action that is necessary to facilitate effective judicial review.") (quotation omitted); *TOMAC v. Norton*, 240 F. Supp. 2d 45, 48-49 (D.D.C. 2003) (accepting declaration as additional explanation of the reasons for the agency decision) (quotation omitted). Thus, the existence of a document titled "Declaration" in the administrative record should thus not be mistaken for a request to admit testamentary evidence and does not provide any basis for discovery outside the record.

     Plaintiff's Motion fails to offer any response as to why Plaintiff's discovery requests are not barred by the above well-established case law despite that fact that Defendant clearly set forth this objection and the legal basis for it in each of its discovery responses[1] and orally explained the basis for its objections to counsel for Plaintiff over the phone. Nor does Plaintiff articulate how these discovery requests are relevant to his claims under section 525 of the Bankruptcy Code. Plaintiff's claim under section 525 presents a pure question of law for the Court as to whether section 525 applies to the PPP loans at issue. And in any event, none of the requests go to any possible factual issue concerning whether Plaintiff filed a loan application or any factual issue of any possible relevance to Plaintiff's section 525 claim.

---

[1] Defendant's responses to Plaintiff's discovery requests are attached as Exhibit 1.

Beyond the obvious irrelevance of the requests and the fact that they are barred by the above case law, Plaintiff's requests are objectionable for numerous other reasons explained in Defendant's general and specific objections. Plaintiff does not attempt to show that Defendant's objections to any specific request are invalid. In fact, the only requests that are mentioned even in passing in Plaintiff's brief are as follows.

First, Plaintiff makes reference to Interrogatories No. 5 and 6 (*see* Pl.'s Mot. at 4). Those interrogatories state as follows:

5. **Please describe in detail the procedure used by the SBA to create the Rules for the Paycheck Protection Program ("PPP").**

6. **Please describe in detail the procedure and reasoning used to exclude small businesses in bankruptcy from applying for PPP "loans".**

These are paradigmatic examples of the types of discovery requests regarding APA claims that are barred. *See*, *e.g.*, *Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.,* 940 F.2d 685, 698 (D.C. Cir. 1991) ("Ordinarily judicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency."). Indeed, it is hard to imagine more quintessential examples of requests that are objectionable on this basis. Plaintiff does not even attempt to explain how these requests fall outside this prohibition.

Second, Plaintiff also makes a glancing reference to Requests for Admission 1-4. *See* Pl.'s Mot. at 6. Those requests and the objections are set forth as follows:

1. **Admit that the CARES Act is a grant of aid necessitated by a public health crisis.**

    **RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA

4

Denies Request 1 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

2. **Admit that CARES Act makes PPP monies available regardless of the financial condition of the requesting entity.**

   **RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request to the phrase "makes PPP monies available" as vague and ambiguous. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 2 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

3. **Admit that the CARES Act makes PPP monies available to persons or entities regardless of their capacity to repay the "loan"**

   **RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request to the phrase "makes PPP monies available" as vague and ambiguous. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 3 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

4. **Admit that the CARES Act explicitly excludes medium and large size businesses that are bankrupt from applying for a PPP "loan".**

   **RESPONSE:** The United States objects to this Request because it does not concern the issue of irreparable harm or any other remaining factual issue in this case. The United States further objects to this Request because it seeks a legal conclusion. To the extent that a response is required, SBA Denies Request 4 to the extent that it varies from the laws, rules and guidance governing PPP loans, which speak for themselves.

These requests seek pure legal conclusions rather than factual admissions and are also improper because they concern statements made in laws, rules, and guidance governing PPP loans that speak for themselves. We know this because each of these requests begins with the phrase "Admit that the CARES Act." The CARES Act speaks for itself and the purpose of discovery is not to needlessly ask a party to admit or confirm what Congress has stated. Plaintiff

5

again offers no argument as to why it believes that these objections are invalid. Nor does Plaintiff undertake any effort to demonstrate why the other specific and general objections set forth by Defendant do not apply. To cap it off, as the Court can plainly see, the SBA responds to each of these requests for admission by *denying* these requests for admission in light of its objections. Plaintiff seems to be under the mistaken impression that if it submits a couple of dozen requests for admission, the opposing party has to admit at least one. Unfortunately for Plaintiff, the discovery rules do not operate in that manner.

Finally, Plaintiff appears to refer to the following interrogatory and response (*see* Pl.'s Mot. at 6):

> **10. List all cases in the United States that are being heard on the same controversy (Please include those in State Courts, Bankruptcy Court, District Courts, Bankruptcy Appellate Panel, Circuit Courts and Supreme Court). Please include the name of the Court, the case caption and the case number for each proceeding.**
>
> **RESPONSE:** The United States objects to the phrase "same controversy" as vague and ambiguous. The United States further objects to this Interrogatory because it seeks information available on publicly available databases that are as easily accessible to Plaintiff as Defendant.

Like the previous requests, this interrogatory does not seek any factual information relevant to this case for the reasons set forth above. The only factual issues that remain in this case concern Plaintiff's claim for irreparable harm and this request has no relevance to that claim. Moreover, the information Plaintiff seeks is plainly public record information, which Plaintiff can already access on electronic databases.

In short, there is no merit to Plaintiff's Motion to Compel. Plaintiff does not attempt to explain why Defendant's specific and plainly stated objections are invalid. Plaintiff also falls far short of establishing any basis for imposing sanctions under Federal Rule of Civil Procedure 37(b)(2) against the SBA. Federal Rule of Civil Procedure 37(b)(2) only applies when there is a

violation of a Court order or a failure to produce a witness for examination under the circumstances set forth in that rule. Neither of these situations are at issue here. Plaintiff's Motion should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: June 17, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　　*W. STEPHEN MULDROW*
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　<u>*s/Rafael J. López-Rivera*</u>
　　　　　　　　　　　　　　　　　　　　Rafael J. López-Rivera
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　USDC-PR No. 221213
　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY'S OFICE
　　　　　　　　　　　　　　　　　　　　Torre Chardón, Suite 1201
　　　　　　　　　　　　　　　　　　　　350 Carlos Chardón Street
　　　　　　　　　　　　　　　　　　　　San Juan, Puerto Rico 00918
　　　　　　　　　　　　　　　　　　　　Phone Number: (787)766-5656
　　　　　　　　　　　　　　　　　　　　Facsimile: (787)766-6219
　　　　　　　　　　　　　　　　　　　　rafael.j.lopez@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Pedro Jaime López-Bergollo
　　　　　　　　　　　　　　　　　　　　Special Assistant US Attorney
　　　　　　　　　　　　　　　　　　　　USDC No. 231412
　　　　　　　　　　　　　　　　　　　　273 Ponce de León Ave., Suite 510
　　　　　　　　　　　　　　　　　　　　Plaza 273
　　　　　　　　　　　　　　　　　　　　San Juan, PR 00917-1930
　　　　　　　　　　　　　　　　　　　　Tel.: 787-766-5269
　　　　　　　　　　　　　　　　　　　　Email: pedro.lopez-bergollo@sba.gov

　　　　　　　　　　　　　　　　　　　　RUTH A. HARVEY
　　　　　　　　　　　　　　　　　　　　Director
　　　　　　　　　　　　　　　　　　　　MARGARET M. NEWELL

        Assistant Director
        MICHAEL TYE
        Trial Attorney (G03112)
        United States Department of Justice
        Commercial Litigation Branch,
        Civil Division
        P.O. Box 875, Ben Franklin Station
        Washington, DC 20044-0875
        (202) 305-2419
        Michael.Tye@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Michael Tye

Commercial Litigation Branch
Civil Division
United States Department of Justice